IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| WST HOLDINGS, LLC,<br>     Plaintiffs,<br><br>v.<br><br>BUSHNELL INC. and BUSHNELL HOLDING INC.,<br>     Defendant. | CAUSE NO. _____<br><br>JUDGE: _____<br><br>**JURY TRIAL DEMAND** |

## *QUI TAM* COMPLAINT FOR FALSE MARKING

Relator WST Holdings, LLC ("Relator"), for its Complaint against Defendant Bushnell Inc. and Bushnell Holding Inc., ("Defendant") alleges as follows:

### INTRODUCTION

1. This is a lawsuit brought under the private attorney general provisions of the patent laws for recovery under Section 292, Title 35 of the United States Code, for penalties payable to the United States for falsely marked products as covered by United States Patents with the intent to deceive others. Defendants have falsely marked their Tasco 10X50mm Zip Focus binoculars as protected by patents that are not in force and do not cover the product. Defendants have done so with the intent to deceive others and deter them from competing or purchasing competitive products.

2. A patent monopoly is a powerful exception to the principles of full and fair competition that protect markets, consumers, and competitors upon which the United States economy is based. The patent laws are a complex regulatory scheme, that conflict with antitrust and other laws, which must be balanced to protect the public. As with the antitrust laws, the United States has created a private attorney general system for the detection and enforcement of abuses of parts of the patent laws. Here, Section 292 of the patent laws allows a litigant acting as

a private attorney general to sue in *qui tam* for false marking of a product, with one half of the recovery going to the United States.  As a practical matter, the United States has little ability to otherwise police false marking and must rely on private litigant enforcement.

3. For simple devices or products, often times patents on specific features are the primary or main bar to new competition. Here Defendants have engaged in a pattern and practice of advertising Tasco Zip Focus binoculars with an expired patent for an extended period of time, in violation of Section 292 of Title 35 of the United States Code. Defendants advertise on their product that their Tasco Zip Focus binoculars are patented, suggesting that the marked product is not available from others and/or similar products are an infringement of its patents. The patent marked on the product is not in force and is falsely marked in violation of Title 35, Section 292 of the United States Code.

## PARTIES

4. Relator WST Holdings is a limited liability company organized and existing under the laws of the state of Texas.

5. Defendant Bushnell Inc. is a Texas corporation and parent corporation of Tasco Holdings, Inc. that can be served at 100 E. Gramercy, San Antonio, TX 78212.

6. Defendant Bushnell Holding Inc. is a Texas corporation that can be served at 4001 N. New Braunfels, #602, San Antonio, TX 78209.

## NATURE OF THE ACTION

7. This is an action for false marking arising under 35 U.S.C. § 292 of the patent laws of the United States.

8. Relator has standing to bring this action under Article III of the United States Constitution and 35 U.S.C. § 292. Under the terms of the statute, "any person may sue for the penalty, in which event one-half shall go to the person suing and the other to the use of the

United States." Furthermore, as a member of the public, Relator has suffered the deleterious economic effects caused by Defendants' falsely marked patent, which deceives the public and inhibits competition in the marketplace.

9. As set forth in detail below, Defendants have violated 35 U.S.C. § 292 (a), which states that any product that "uses in advertising in connection with any unpatented article the word 'patent' or any word or number importing the same is patented, for the purpose of deceiving the public." Defendants falsely marked or contributed to the false marking and advertising of products that list expired patent numbers or claim to be patented.

10. At the time an individual purchases a product, the expiration date of a U.S. patent is not readily available. The patent number itself does not provide members of the public with the expiration date of the patent. Basic information about a patent, such as the filing, issue and priority dates associated with a particular U.S. patent number are available at, for example, the website of the United States Patent and Trademark Office ("USPTO"). However, access to the Internet is necessary to retrieve that information (meaning that a consumer may not have the ability to retrieve the information, especially while he is in a store making a purchasing decision) and even after retrieving that information, it does not include the expiration date of a patent. Rather, a member of the public must also conduct a burdensome legal analysis, requiring specific knowledge of U.S. Patent laws regarding patent term expiration. Notably, a correct calculation of the expiration date must also account for at least: a) any term extensions granted by the USPTO, which may or may not be present on the face of the patent, and b) whether or not the patent owner has paid the necessary maintenance fees.

11. Defendants could have no reasonable belief that the products identified below were properly marked. Thus, the false marking was done with the intent to deceive the public by,

including, but not limited to, misusing its patent rights to extend the term of its patents and inhibiting competition.

## JURISDICTION AND VENUE

12. This Court has subject matter jurisdiction over Relator's false marking claims under 28 U.S.C. §§ 1331 and 1338(a).

13. This Court has personal jurisdiction over Defendants by virtue of, *inter alia*, Defendants' persistent and continuous contacts with the Eastern District of Texas, including active and regular conduct of business during the relevant time period through its sales in the Eastern District of Texas.

14. This Court has personal jurisdiction over Defendants because, *inter alia*, Defendants have violated 35 U.S.C. § 292, and falsely marked, advertised, distributed and sold products in the Eastern District of Texas. Further, on information and belief, Defendants have sold falsely marked Tasco Zip Focus binoculars at Walmart stores in competition with sellers of competitive products in the Eastern District of Texas. Upon information and belief, such sales by Defendants are substantial, continuous and systematic.

15. Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) and 1395(a).

## COUNT I - U.S. PATENT NO. D 265,207 - EXPIRED PATENT

16. For this Count, Relator repeats the allegations of Paragraphs 1-15.

17. U.S. Patent No. 265,207, entitled "Pair of Binoculars or Similar Article" was issued June 29, 1982.

18. Defendants mark, and have marked, products with the 265,207 patent number, including Tasco's 10X50mm Zip Focus binoculars.

19. Defendants cause or contribute to the marking and advertising, of products with the 265,207 patent number, including, but not limited to, the product identified in paragraph 14.

20. The 265,207 patent is an expired patent.

21. Upon information and belief, the 265,207 patent expired on June 29, 1996.

22. Defendants are sophisticated companies and have many decades of experience applying for, obtaining, maintaining and litigating patents. Defendants also have extensive experience manufacturing products and either marking or not marking them with words or numbers indicating that such products are protected by patents or pending applications.

23. Upon information and belief, Defendants and/or their predecessors (including its patent counsel) received notice that the 265,207 patent would expire on June 29, 1996.

24. Defendants knew or should have known that the term of the 265,207 patent expired on June 29, 1996.

25. Upon information and belief, Defendants do not own or have a license to the 265,207 patent and are not paying maintenance fees to the United States Patent and Trademark Office to maintain the 265,207 patent.

26. Upon information and belief, Defendants knew or should have known that the 265,207 patent had expired over 14 years ago, however, Defendants continue to mark and advertise products with the 265,207 patent, including the product identified in Paragraph 14.

27. Defendants knew they did not own or have a license to the 265,207 patent at the same time Defendants were marking and advertising products with the 265,207 patent, including the Tasco Zip Focus binoculars.

28. Defendants know, or at least reasonably should know, that the 265,207 patent does not cover the Tasco Zip Focus binoculars, or any products whatsoever. Each offense of false

marking caused by Defendant has and continues to deceive the public and deter competition to the financial benefit of Defendant.

29. Defendants could have no reasonable belief that it was proper to mark and advertise products with the expired 265,207 patent number, and the false marking was done with intent to deceive the public by, including, but not limited to, misusing its patent rights to extend the term of its patent and inhibiting competition.

30. For at least the reasons set forth herein, Defendants have wrongfully and illegally advertised patent rights which they do not possess, and, as a result, have likely benefitted in at least maintaining their market share with respect to the herein described Tasco Zip Focus binoculars in the marketplace.

31. For at least the reasons set forth herein, Defendants have wrongfully and illegally advertised patent rights which they do not possess, and, as a result, have likely caused the retail price of their products described herein to be inflated above normal market levels..

32. The public deception, and/or competitive harm caused by each of Defendants' false markings has and continues to harm the United States, including Relator, a representative of the public incurring the cost and time associated with this enforcement.

## PRAYER FOR RELIEF

33. WHEREFORE, pursuant to 35 U.S.C. § 292, Relator respectfully requests:

   A. A judgment that Defendants have falsely marked products in violation of 35 U.S.C. § 292;

   B. An accounting of the number, sales and revenue of any falsely marked articles not presented at trial;

C. A judgment in favor of Relator that Defendants have falsely marked items in violation of 35 U.S.C. § 292(a)-(b) in the form of a civil fine of $500 per falsely marked article, or an alternative amount, as set by the Court, one-half of any such award to be paid to the United States;

D. An Award of pre-judgment and post-judgment interest on any monetary award;

E. An injunction prohibiting Defendants, and their officers, directors, agents, servants, employees, attorneys, licensees, successors, and assigns, and those in active concert or participation with any of them, from violating 35 U.S.C. § 292(a);

F. An award of attorneys fees, costs, other expenses and an enhancement of damages and penalties; and

G. All other just and equitable relief.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury of all issues so triable.

Respectfully submitted,

**WILSON, TROSCLAIR, & LOVINS, PLLC.**


 /s/ Jeremy R. Wilson
Kenneth P. Trosclair
Texas Bar No. 24033548
Jeremy R. Wilson
Texas Bar No. 24037722
302 N. Market St.
Suite 501
Dallas, TX 75202
Telephone:    214.484.1930
Facsimile:    214.276.1475


**ATTORNEY FOR PLAINTIFFS**